IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD GALE ZLOMKE, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3215 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| ROBERT HOUSTON[1], | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Richard Gale Zlomke.  28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States."  Id. § 2254(a).

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.  In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

This case has been assigned to Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review.  Rule 10 of the *2254 Rules,* as amended*,* states:  "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

The petitioner alleges violations of his civil rights in connection with his conviction in the District Court of Sheridan County, Nebraska.  See generally State v. Zlomke, 689

---

[1] The court, sua sponte, substitutes Robert Houston as the plaintiff's custodian. The Clerk of Court shall modify the court's records accordingly.

N.W.2d 181, 182 (Neb. 2004):

> Prior to trial, Zlomke filed a motion asking the court to discharge his counsel so he could represent himself, and the motion was granted. Trial commenced on November 6, 2002, with Zlomke appearing pro se. The jury was selected, and opening statements were made. After the State presented its evidence and rested, Zlomke began to present his case. Trial was then recessed until the following day. Zlomke failed to appear on November 7, and, on the court's own motion, the matter was continued to November 13.
>
> When Zlomke again failed to appear before the court on November 13, 2002, the State requested that the trial proceed. It then presented evidence to establish that Zlomke's absence was voluntary. The court found his absence to be voluntary and allowed the trial to proceed. Because of Zlomke's absence, the court presumed that he had rested his case, and the State renewed its rest. The jury was instructed, and the State presented closing arguments. The court held that because Zlomke was voluntarily absent, he had waived his closing argument. The jury returned a verdict finding him guilty of all three charges. On August 19, 2003, Zlomke was arraigned in a separate matter for failure to appear in connection with the above charges. He was present at the arraignment and was represented by counsel. He subsequently entered a plea of guilty to this additional charge.

On initial review of the § 2254 petition, I provisionally find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail, and the Clerk shall modify the court's records to reflect the substitution of Robert Houston as the respondent;

2. That, by November 9, 2005, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

      3.     That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

      4.     That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

      5.     That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner's attorney; and

      6.     That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter.

      DATED this 3rd day of October, 2005.

                                BY THE COURT:

                                  s/ F. A. GOSSETT
                                  United States Magistrate Judge