IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD GALE ZLOMKE, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3215 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for decision on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by Richard Gale Zlomke, a prisoner in the custody of the Nebraska Department of Correctional Services. The petitioner alleges violations of his constitutional rights in connection with his conviction and sentence, on or about December 2, 2003, in the District Court of Sheridan County, Nebraska, for possession of a firearm by a felon, assault in the second degree, use of a firearm to commit a felony, and failure to appear. See generally State v. Zlomke, 689 N.W.2d 181 (Neb. 2004) (Case No. S-04-007 on direct appeal from the petitioner's conviction to the Nebraska Supreme Court).

In his most recent filings, the petitioner defines his § 2254 claims as follows:

Claim No. 1: "[T]he Nebraska Supreme Court issued an unconstitutional Opinion No. S-04-007 ... For the above mentioned Opinion undermines both State and Federal constitutional protections at trial." (Filing no. 13 at 4.)

Claim No. 2: "Petitioner [was] subjected to an unconstitutional miscarriage of justice, by being deprived of adequate due process and effective assistance of counsel ...." (Id.)

On direct appeal from his conviction and sentence, the petitioner "argue[d] that the [district] court erred in allowing the trial to proceed while [the petitioner] was absent and not represented by counsel." State v. Zlomke, 689 N.W.2d at 182. The Nebraska Supreme Court described the circumstances as follows:

> Prior to trial, Zlomke filed a motion asking the court to discharge his counsel so he could represent himself, and the motion was granted. Trial commenced on November 6, 2002, with Zlomke appearing pro se. The jury was selected, and opening statements were made. After the State presented its evidence and rested, Zlomke began to present his case. Trial was then recessed until the following day. Zlomke failed to appear on November 7, and, on the court's own motion, the matter was continued to November 13.
>
> When Zlomke again failed to appear before the court on November 13, 2002, the State requested that the trial proceed. It then presented evidence to establish that Zlomke's absence was voluntary. The court found his absence to be voluntary and allowed the trial to proceed. Because of Zlomke's absence, the court presumed that he had rested his case, and the State renewed its rest. The jury was instructed, and the State presented closing arguments. The court held that because Zlomke was voluntarily absent, he had waived his closing argument. The jury returned a verdict finding him guilty of all three charges. On August 19, 2003, Zlomke was arraigned in a separate matter for failure to appear in connection with the above charges. He was present at the arraignment and was represented by counsel. He subsequently entered a plea of guilty to this additional charge.

Id.

In both his first and second § 2254 claims, the petitioner argues in the present action that to try a criminal case, instruct the jury and take a verdict in the absence of the defendant deprives the defendant of his right to due process. That matter will be discussed after I address the status of the petitioner's other § 2254 claim.

### Ineffective Assistance of Counsel

The petitioner's claim concerning ineffective assistance of counsel has never reached the Nebraska appellate courts for consideration on the merits. The parties refer

to a motion for postconviction relief filed by the petitioner, which the district court denied, but the petitioner did not appeal.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999): "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844.

In Nebraska, "one complete round of the State's established appellate review process" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005). If the Nebraska Supreme Court hears the case without the intermediate step of a Court of Appeals disposition, as in State v. Zlomke, 689 N.W.2d 181 (Neb. 2004), that too satisfies the exhaustion requirement. However, if the petitioner fails to appeal at all, or if he proceeds to the Nebraska Court of Appeals but fails to seek further review in the Nebraska Supreme Court, the petitioner's later habeas corpus claims will be "procedurally defaulted" because they did not reach the state's highest tribunal. Akins

v. Kenney, 410 F.3d at 456 n.1 (If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is procedurally defaulted.).

The claim is now barred from presentation to the Nebraska courts because under Nebraska law, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003); Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002). In addition, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." State v. Ortiz, 670 N.W.2d 788, 792 (Neb. 2003).

Procedural default of a claim bars federal habeas review of that claim unless the petitioner can show a basis for excusing the procedural failure. "Where a claim is defaulted, a federal habeas court will consider it only if the petitioner can establish either cause for the default and actual prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice .... [The fundamental miscarriage of justice] exception requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted .... For actual innocence to lift the procedural bar, [a petitioner] must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted him ...." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir.), cert. denied, 127 S.Ct. 590 (2006) (citations and internal quotation marks omitted).

The petitioner has not demonstrated cause to excuse the procedural default of his

ineffective assistance of counsel claim(s).  He also does not rely on the other basis for relief from the bar of procedural default, i.e., new evidence establishing actual innocence. Therefore, this court cannot reach any claim of ineffective assistance of counsel raised in Mr. Zlomke's § 2254 petition and subsequent filings.

## Unconstitutional Opinion

When the state appellate courts have adjudicated a petitioner's federal claims on the merits, this court applies a deferential standard of review under 28 U.S.C. § 2254(d).[1] As for the applicable law, this court considers whether the Nebraska Supreme Court, in adjudicating the merits of the petitioner's federal claims, produced a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.[2]  As to the facts, this court

---

[1] 28 U.S.C. § 2254(d) states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

[2] Within the meaning of 28 U.S.C. § 2254(d)(1), "[a] state-court decision is contrary to [the Supreme Court's] clearly established precedents if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result."  Brown v. Payton, 544 U.S. 133, 141 (2005).  Similarly, "[a] state-court decision involves an unreasonable application of ... clearly established precedents if the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner."  Id.

5

considers whether the adjudication by the Nebraska Supreme Court was based on an unreasonable factual determination in light of the record.

The petitioner asserts that it is a denial of due process to try a criminal case, instruct the jury and take a verdict in the absence of the defendant. He challenges the Nebraska Supreme Court's decision affirming the prosecution's right to proceed with the criminal trial against him in absentia.

Ordinarily, the principles cited by the petitioner are correct. A defendant has the right to be present at all stages of the prosecution against him. Illinois v. Allen, 397 U.S. 337, 338 (1970) (recognizing the accused's right to be present in the courtroom at every stage of his trial). However, a defendant may waive that right. See Taylor v. United States, 414 U.S. 17, 19 (1973), *quoting* Diaz v. United States, 223 U.S. 442, 455 (1912): "(W)here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." (Citations omitted.)

After analyzing the evidence before the district court, the Nebraska Supreme Court concluded that the petitioner's absence during his trial was knowing and voluntary, and that the district court had not erred in proceeding with the trial in the petitioner's absence. State v. Zlomke, 689 N.W.2d at 183.

The petitioner explains that he filed a Motion for Continuance (filing no. 10-11 at ECF pages 17-10) on November 5, 2002, and he later filed a Motion to Dismiss (id. at ECF page 30) on the first day of trial after a recess (although the filing date on the motion

appears to be three days later than the verdict). The petitioner states that he filed the motions after he had reached the conclusion that he could not do himself justice at trial. He felt intimidated by the judge's manner, the threat of the prosecutor's habitual criminal charge, and his own inability to represent himself competently. In his habeas filings, the petitioner expresses the view that the trial judge should have sensed the petitioner's lack of ability to represent himself, should have realized that the petitioner was "losing it," should have set a hearing on the petitioner's motions, and should have taken measures, such as appointment of counsel, to avert "disaster." Instead, the trial judge denied the motions, and when the petitioner disappeared and forfeited his bond, the trial court issued an arrest warrant for the petitioner's failure to appear.

Unfortunately, however, in his Motions for Continuance and for Dismissal, the petitioner did not request the assistance of counsel or standby counsel or express a desire to cease representing himself. As the petitioner had a constitutional right to represent himself,[3] which he had recently invoked, the trial judge committed no impropriety by continuing to honor that right.

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the U.S. Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1),

---

[3]Faretta v. California, 422 U.S. 806, 819 (1975).

and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)."  Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).  The Nebraska Supreme court did not unreasonably determine the facts in light of the record and did not reach a decision which was contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court.

THEREFORE, IT IS ORDERED:

1. That the Petition for Writ of Habeas Corpus filed by Richard Gale Zlomke is denied and dismissed with prejudice; and

2. That a separate judgment will be entered accordingly.

DATED this 23rd day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge